IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN
AUG 19 2026
KP
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 3:26-cr-00087 |
| v. | ) | |
| | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 922(g)(5) |
| | ) | 18 U.S.C. § 922(n) |
| | ) | 18 U.S.C. § 924 |
| [1] MAIKEL JESUS ALBORNOZ-JIMENEZ | ) | 18 U.S.C. § 924(c)(1)(A) |
| [2] EDUARD JESUS VELASQUEZ-MATUTE | ) | 18 U.S.C. § 924(a)(1)(D) |
| [3] FAREN ALDAHIR MARQUEZ-CRUZ, | ) | 18 U.S.C. § 933 |
| a/k/a "Pedro Martinez, | ) | 21 U.S.C. § 841(a)(1) |
| [4] JOSE LUIS BAZA-RODRIGUEZ | ) | 21 U.S.C. § 841(b)(1)(B) |
| [5] LUIS MANUEL TOVAR-VIRGUZ | ) | 21 U.S.C. § 846 |

# SUPERSEDING INDICTMENT

## COUNT ONE

THE GRAND JURY CHARGES:

Beginning on or about September 1, 2025, through on or about April 29, 2026, in the Middle District of Tennessee and elsewhere, the defendants, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ, [4] JOSE LUIS BAZA-RODRIGUEZ,** and **[5] LUIS MANUEL TOVAR-VIRGUZ**, did combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to knowingly distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine, a Schedule I controlled substance; a mixture or substance containing a detectable amount of cocaine, and a mixture and substance containing a detectable amount of methamphetamine, both Schedule II controlled substances; and a quantity of a mixture and substance containing a detectable amount of Ketamine, a Schedule III controlled substance; in violation of Title 21, United States Code, Section 841(a)(1).

With respect to defendant **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, the amount involved in the conspiracy attributable to this defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

With respect to defendant **[4] JOSE LUIS BAZA-RODRIGUEZ**, the amount involved in the conspiracy attributable to this defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

With respect to defendant **[5] LUIS MANUEL TOVAR-VIRGUZ**, the amount involved in the conspiracy attributable to this defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

Beginning on or about September 1, 2025, through on or about April 29, 2026, in the Middle District of Tennessee and elsewhere, the defendants, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ, [2] EDUARD JESUS VELASQUEZ-MATUTE,** and **[3] FAREN ALDAHIR MARQUEZ-CRUZ, a/k/a "Pedro Martinez,"** did combine, conspire, confederate,

and agree with others known and unknown to the Grand Jury, to knowingly ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a)(1) and (3).

COUNT THREE

THE GRAND JURY FURTHER CHARGES:

On or about September 11, 2025, in the Middle District of Tennessee, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, knowingly distributed and possessed with the intent to distribute a quantity of a mixture and substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine, a Schedule I controlled substance; and a quantity of a mixture and substance containing a detectable amount of Ketamine, a Schedule III controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

COUNT FOUR

THE GRAND JURY FURTHER CHARGES:

On or about October 1, 2025, in the Middle District of Tennessee, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, and **[3] FAREN ALDAHIR MARQUEZ-CRUZ, a/k/a "Pedro Martinez,"** aided and abetted by each other, knowingly attempted to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a)(1) and (3), and Title 18, United States Code, Section 2.

COUNT FIVE

THE GRAND JURY FURTHER CHARGES:

On or about October 3, 2025, in the Middle District of Tennessee, the defendants, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ, [2] EDUARD JESUS VELASQUEZ-MATUTE**, and **[3] FAREN ALDAHIR MARQUEZ-CRUZ, a/k/a "Pedro Martinez,"** aided and abetted by each other, knowingly attempted to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a)(1) and (3), and Title 18, United States Code, Section 2.

COUNT SIX

THE GRAND JURY FURTHER CHARGES:

On or about October 7, 2025, in the Middle District of Tennessee and elsewhere, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, knowingly aided and abetted another person in attempting to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in section 932(a)).

In violation of Title 18, United States Code, Sections 933(a)(1) and (3), and Title 18, United States Code, Section 2.

COUNT SEVEN

THE GRAND JURY FURTHER CHARGES:

On or about October 10, 2025, in the Middle District of Tennessee, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, knowingly distributed and possessed with the intent to distribute a quantity of a mixture and substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

COUNT EIGHT

THE GRAND JURY FURTHER CHARGES:

On or about October 10, 2025, in the Middle District of Tennessee, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, did knowingly use and carry, a firearm, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Distribution and Possession with Intent to Distribute Controlled Substances, as charged in Count Seven of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

COUNT NINE

THE GRAND JURY FURTHER CHARGES:

On or about October 10, 2025, in the Middle District of Tennessee, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, knowingly attempted to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a)(1) and (3).

COUNT TEN

THE GRAND JURY FURTHER CHARGES:

On or about October 23, 2025, in the Middle District of Tennessee and elsewhere, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, knowingly aided and abetted another person in attempting to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a)(1) and (3), and Title 18, United States Code, Section 2.

COUNT ELEVEN

THE GRAND JURY FURTHER CHARGES:

On or about October 28, 2025, in the Middle District of Tennessee and elsewhere, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, knowingly attempted to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a)(1) and (3).

COUNT TWELVE

THE GRAND JURY FURTHER CHARGES:

On or about November 10, 2025, in the Middle District of Tennessee, the defendants, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ, [2] EDUARD JESUS VELASQUEZ-MATUTE,** and **[3] FAREN ALDAHIR MARQUEZ-CRUZ, a/k/a "Pedro Martinez,"** aided and abetted by each other, knowingly attempted to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a)(1) and (3), and Title 18, United States Code, Section 2.

COUNT THIRTEEN

THE GRAND JURY FURTHER CHARGES:

On or about December 22, 2025, in the Middle District of Tennessee and elsewhere, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ** knowingly aided and abetted another person in distributing and possessing with the intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT FOURTEEN

THE GRAND JURY FURTHER CHARGES:

On or about January 12, 2026, in the Middle District of Tennessee and elsewhere, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, knowingly aided and abetted another



Case 3:26-cr-00087 Document 101 Filed 08/19/26 Page 7 of 21 PageID #: 469

person in distributing and possessing with the intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT FIFTEEN

THE GRAND JURY FURTHER CHARGES:

On or about January 13, 2026, in the Middle District of Tennessee, the defendants, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ, [2] EDUARD JESUS VELASQUEZ-MATUTE**, and **[3] FAREN ALDAHIR MARQUEZ-CRUZ, a/k/a "Pedro Martinez,"** aided and abetted by each other, knowingly attempted to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a)(1) and (3), and Title 18, United States Code, Section 2.

COUNT SIXTEEN

THE GRAND JURY FURTHER CHARGES:

On or about January 13, 2026, in the Middle District of Tennessee, the defendant, **[3] FAREN ALDAHIR MARQUEZ-CRUZ, a/k/a "Pedro Martinez,"** who was then under indictment for a crime punishable by imprisonment for a term exceeding one year, to wit, Reckless Endangerment, Davidson County, Tennessee, Case No. 2025-I-676, did willfully receive a firearm, that is, a Sig Sauer, Model: P365, Caliber: 9x19mm, pistol, said firearm having been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(n) and 924(a)(1)(D).

COUNT SEVENTEEN

THE GRAND JURY FURTHER CHARGES:

On or about January 14, 2026, in the Middle District of Tennessee and elsewhere, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, knowingly aided and abetted another person in attempting to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a)(1) and (3), and Title 18, United States Code, Section 2.

COUNT EIGHTEEN

THE GRAND JURY FURTHER CHARGES:

On or about January 14, 2026, in the Middle District of Tennessee and elsewhere, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, knowingly aided and abetted another person in distributing and possessing with the intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT NINETEEN

THE GRAND JURY FURTHER CHARGES:

On or about January 21, 2026, in the Middle District of Tennessee and elsewhere, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, knowingly aided and abetted another

person in distributing and possessing with the intent to distribute a quantity of a mixture and substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine, a Schedule I controlled substance; and a quantity of a mixture and substance containing a detectable amount of Ketamine, a Schedule III controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT TWENTY

THE GRAND JURY FURTHER CHARGES:

On or about January 21, 2026, in the Middle District of Tennessee and elsewhere, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, knowingly aided and abetted another person in attempting to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a)(1) and (3), and Title 18, United States Code, Section 2.

COUNT TWENTY-ONE

THE GRAND JURY FURTHER CHARGES:

On or about January 21, 2026, in the Middle District of Tennessee and elsewhere, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, knowingly aided and abetted another person in attempting to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm

by the recipient would constitute a felony (as defined in Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a)(1) and (3), and Title 18, United States Code, Section 2.

COUNT TWENTY-TWO

THE GRAND JURY FURTHER CHARGES:

On or about February 11, 2026, in the Middle District of Tennessee and elsewhere, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, knowingly aided and abetted another person in distributing and possessing with the intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT TWENTY-THREE

THE GRAND JURY FURTHER CHARGES:

On or about February 13, 2026, in the Middle District of Tennessee and elsewhere, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, knowingly aided and abetted another person in distributing and possessing with the intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT TWENTY-FOUR

THE GRAND JURY FURTHER CHARGES:

On or about February 13, 2026, in the Middle District of Tennessee and elsewhere, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, knowingly aided and abetted another person in attempting to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a)(1) and (3), and Title 18, United States Code, Section 2.

COUNT TWENTY-FIVE

THE GRAND JURY FURTHER CHARGES:

On or about March 12, 2026, in the Middle District of Tennessee and elsewhere, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, knowingly aided and abetted another person in distributing and possessing with the intent to distribute a quantity of a mixture and substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine, a Schedule I controlled substance; a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and a quantity of a mixture and substance containing a detectable amount of Ketamine, a Schedule III controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT TWENTY-SIX

THE GRAND JURY FURTHER CHARGES:

On or about March 24, 2026, in the Middle District of Tennessee, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ,** knowingly distributed and possessed with the intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

COUNT TWENTY-SEVEN

THE GRAND JURY FURTHER CHARGES:

On or about March 24, 2026, in the Middle District of Tennessee, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ,** did knowingly use and carry a firearm, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Distribution and Possession with Intent to Distribute Controlled Substances, as charged in Count Twenty-Five of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

COUNT TWENTY-EIGHT

THE GRAND JURY FURTHER CHARGES:

On or about March 24, 2026, in the Middle District of Tennessee, the defendants, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ, [2] EDUARD JESUS VELASQUEZ-MATUTE,** and **[3] FAREN ALDAHIR MARQUEZ-CRUZ, a/k/a "Pedro Martinez,"** aided and abetted by each other, knowingly attempted to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and

possession of a firearm by the recipient would constitute a felony (as defined in Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a)(1) and (3), and Title 18, United States Code, Section 2.

COUNT TWENTY-NINE

THE GRAND JURY FURTHER CHARGES:

On or about April 1, 2026, in the Middle District of Tennessee and elsewhere, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, knowingly aided and abetted another person in distributing and possessing with the intent to distribute a quantity of a mixture and substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine, a Schedule I controlled substance; and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT THIRTY

THE GRAND JURY FURTHER CHARGES:

On or about April 1, 2026, in the Middle District of Tennessee and elsewhere, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ**, knowingly aided and abetted another person in attempting to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a)(1) and (3), and Title 18, United States Code, Section 2.

COUNT THIRTY-ONE

THE GRAND JURY FURTHER CHARGES:

On or about April 29, 2026, in the Middle District of Tennessee, the defendants, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ** and **[5] LUIS MANUEL TOVAR-VIRGUZ**, knowingly distributed and possessed with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT THIRTY-TWO

THE GRAND JURY FURTHER CHARGES:

On or about April 29, 2026, in the Middle District of Tennessee, the defendants, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ** and **[5] LUIS MANUEL TOVAR-VIRGUZ**, aided and abetted by each other, did knowingly use and carry a firearm, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Distribution and Possession with Intent to Distribute Controlled Substances, as charged in Count Thirty of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A), and Title 18, United States Code, Section 2.

COUNT THIRTY-THREE

THE GRAND JURY FURTHER CHARGES:

On or about April 29, 2026, in the Middle District of Tennessee, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ,** knowingly attempted to ship, transport, transfer,

cause to be transported, and otherwise dispose of one and more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a)(1) and (3).

COUNT THIRTY-FOUR

THE GRAND JURY FURTHER CHARGES:

Between on or about September 1, 2025, and on or about April 29, 2026, in the Middle District of Tennessee and elsewhere, the defendant, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ,** knowing he was an alien illegally and unlawfully in the United States, knowingly possessed, in and affecting commerce, a firearm, to wit:

1) a Sig Sauer, Model: P320/M18, 9x19mm pistol;
2) a Glock [GMBH], Model: 23Gen 4, .40 caliber pistol;
3) a Smith & Wesson, Model: M&P 9 M2.0, 9x19mm pistol;
4) a Kimber, Model: Custom II, .45 caliber ACP pistol;
5) a Taurus Armas, Model: G2c, 9x19mm pistol;
6) a Smith & Wesson, Model: M&P 9 Shield, 9x19mm pistol;
7) a Sig Sauer, Model: P320 M18, 9x19mm pistol;
8) an FNH USA LLC, Model 509 9mm pistol;
9) a Smith & Wesson, Model M&P 380 Shield .380 caliber pistol;
10) a HS Produkt (Springfield Armory), Model: Hellcat, 9x19mm pistol;
11) an Armscor of the Philippines (Rock Island Armory), Model: M1911 A1, .45 caliber ACP pistol;
12) a Smith & Wesson, Model: 380 Shield EZ, .380 caliber Auto, pistol;
13) a Taurus Armas, Model: G3c, 9x19mm pistol;
14) a Glock [GMBH], Model: 48, 9x19mm caliber pistol;
15) a Sig Sauer, Model: P320, 9x19mm pistol;
16) a Beretta, Pietro, S.P.A., Model: APX Centurion, 9x19mm pistol;
17) a Sig Sauer, Model: P365, 9x19mm pistol;

18) a Romarm/Cugir, Model: Micro Draco, 7:62x39mm pistol;

19) a Bear Creek Arsenal, Model: BCA15, Caliber: Multi, pistol;

20) a Canik, Model: TP-9, Caliber: 9x19mm, pistol;

21) a Browning Arms Company, Model: BDM, Caliber: 9x19mm, pistol;

22) a Palmetto State Armory, Model: PA-15, Caliber: Multi, pistol;

23) a Springfield Armory, Model: Saint, Caliber: Multi, pistol;

24) a CMMG Inc., Model: MK-3, Caliber: .308, rifle; and

25) a Glock, Model 23, .40 caliber pistol,

said firearm having been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(5) and 924.

COUNT THIRTY-FIVE

THE GRAND JURY FURTHER CHARGES:

On or about April 29, 2026, in the Middle District of Tennessee, the defendant, **[5] LUIS MANUEL TOVAR-VIRGUZ**, knowing he was an alien illegally and unlawfully in the United States, knowingly possessed, in and affecting commerce, a firearm, to wit: a Glock, Model 23, .40 caliber pistol, said firearm having been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(5) and 924.

FORFEITURE ALLEGATION

1. The allegations alleged in this Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.

2. Upon conviction of any of the offenses charged in Counts One, Three, Seven, Thirteen, Fourteen, Eighteen, Nineteen, Twenty-Two, Twenty-Three, Twenty-Five, Twenty-Six, Twenty-Nine, and Thirty-One, the defendants **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ, [4] JOSE LUIS BAZA-RODRIGUEZ,** and **[5] LUIS MANUEL TOVAR-VIRGUZ**, shall

forfeit to the United States of America any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offense(s), and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense(s), pursuant to Title 21, United States Code, Section 853(a), including but not limited to the firearms and ammunition listed below.

3. Upon conviction of the offenses violations charged in Counts Two, Four through Six, Nine through Twelve, Fifteen, Seventeen, Twenty, Twenty-One, Twenty-Four, Twenty-Eight, Thirty, and Thirty-Three of the Indictment, the defendants, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ, [2] EDUARD JESUS VELASQUEZ-MATUTE,** and **[3] FAREN ALDAHIR MARQUEZ-CRUZ, a/k/a "Pedro Martinez,"** shall forfeit to the United States, any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violation of or a conspiracy to violate Title 18, United States Code, Section 933 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of or conspiracy to violate Title 18, United States Code, Section 933, including but not limited to the firearms and ammunition listed below, pursuant to Title 18, United States Code, Sections 934(a)(1)(B) and (a)(1)(A).

4. Upon conviction of the firearms violations charged in Counts Eight, Twenty-Seven, Thirty-Two, Thirty-Four, and Thirty-Five, the defendants, **[1] MAIKEL JESUS ALBORNOZ-JIMENEZ** and **[5] LUIS MANUEL TOVAR-VIRGUZ**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c):

(A) any firearm or ammunition involved in or used in the knowing violation of Counts Eight, Twenty-Seven, and Thirty-Two,

(B) any firearm or ammunition intended to be used in Counts Eight, Twenty-Seven, and Thirty-Two,

including but not limited to, the firearms and ammunition listed below.

5. The firearms and ammunition subject to forfeiture include the following:

a. a Sig Sauer, Model: P320/M18, 9x19mm pistol, bearing serial number M18A225455;

b. a Glock [GMBH], Model: 23Gen 4, .40 caliber pistol, bearing serial number VCN928;

c. a Smith & Wesson, Model: M&P 9 M2.0, 9x19mm pistol, bearing serial number NLP3381;

d. a Kimber, Model: Custom II, .45 caliber ACP pistol, bearing serial number K483527;

e. a Taurus Armas, Model: G2c, 9x19mm pistol, bearing serial number ACM679750;

f. a Smith & Wesson, Model: M&P 9 Shield, 9x19mm pistol, bearing serial number HLZ3287;

g. a Glock Model:42, .380 caliber pistol, with an obliterated serial number;

h. a Sig Sauer, Model: P320 M18, 9x19mm pistol, bearing serial number M18088202;

i. an Armscor of the Philippines (Squires Bingham), Model Charles Daly .45 caliber pistol, bearing serial number CD014473;

j. an FNH USA LLC Model 509 9mm pistol, bearing serial number GKS0006819;

k. a Smith & Wesson Model M&P 380 Shield .380 caliber pistol, bearing serial number RHV1548;

l. a HS Produkt (Springfield Armory), Model: Hellcat, 9x19mm pistol, bearing serial number BE197499;

m. an Armscor of the Philippines (Rock Island Armory), Model: M1911 A1, .45 caliber ACP pistol, bearing serial number RIA1785056;

n. a Smith & Wesson, Model: 380 Shield EZ, .380 caliber Auto, pistol, bearing serial number RHV2461;

o. a Taurus Armas, Model: G3c, 9x19mm pistol, bearing serial number ADA839717;

p. a Glock [GMBH], Model: 48, 9x19mm caliber pistol, bearing serial number BLGT892;

q. a Sig Sauer, Model: P320, 9x19mm pistol, bearing serial number 58C454966;

r. a Beretta, Pietro, S.P.A., Model: APX Centurion, 9x19mm pistol, bearing serial number A162037X;

s. a Sig Sauer, Model: P365, 9x19mm pistol, bearing serial number 66B936719;

t. a Romarm/Cugir, Model: Micro Draco, 7:62x39mm pistol, bearing serial number 24 PMD-66330;

u. a Bear Creek Arsenal, Model: BCA15, Caliber: Multi, pistol, bearing serial number A12608;

v. a Stoeger, model STR-C, 9mm handgun, bearing serial number 6249-22S04344;

w. a Privately Manufactured Firearm, model PF940C, 9mm handgun, with no serial number;

x. a Smith & Wesson, model SD9VE, 9mm handgun, bearing serial number FBV0704;

y. a Canik55, model TP-9SF, 9mm handgun, bearing serial number T647220AT1253;

z. a Star, model Firestar, 9mm handgun, bearing serial number 1959604;

aa. a Polymer 80 Inc. Model PF940V2 9 mm caliber pistol, bearing serial number NV310;

bb. a Glock, Model 30 .45 caliber pistol, bearing serial number WUU864;

cc. a Glock, Model 23 .40 caliber semi-automatic pistol, bearing serial number NMT483;

dd. a Canik, Model: TP-9, Caliber: 9x19mm, pistol, bearing serial number 21BN23954;

ee. a Browning Arms Company, Model: BDM, Caliber: 9x19mm, pistol, bearing serial number 945NX04678;

ff. a Palmetto State Armory, Model: PA-15, Caliber: Multi, pistol, bearing serial number SCD456818;

gg. a Springfield Armory, Model: Saint, Caliber: Multi, pistol, bearing serial number ST216016;

hh. a CMMG Inc., Model: MK-3, Caliber: .308, rifle, bearing serial number MDO02924;

ii. a Canik 55, Model TP9 Elite SC, 9mm semi-automatic pistol, bearing serial number 23CB12192;

jj. a Glock, Model 23, .40 caliber pistol GLC585;

kk. a Glock, Model 19Gen 5 9mm caliber pistol, bearing serial number BZAL668; and

ll. a Glock, Model 17Gen 4 9mm caliber pistol, bearing serial number ZLB506,

and any related ammunition.

6. If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of said property listed above as subject to forfeiture.

A [redacted]

FOREPERSON

BRADEN H. BOUCEK
UNITED STATES ATTORNEY

KATHRYN D. RISINGER
ASSISTANT UNITED STATES ATTORNEY

KATELAN MCKENZIE DOYLE
TRIAL ATTORNEY
Joint Task Force Vulcan
United States Department of Justice